214 N.J. Super. 425 (1986)
519 A.2d 920
I.B.T., LOCAL NO. 863, PLAINTIFF-RESPONDENT,
v.
SEABOARD FARMS, A/K/A ISE FARMS, INC., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 13, 1986.
Decided December 24, 1986.
*427 Before Judges FURMAN, SHEBELL and STERN.
Rand, Algeier, Tosti, Woodruff & Frieze, attorneys for appellant (Robert M. Tosti, of counsel; Ellen S. Bass, on the brief).
Zazzali, Zazzali & Kroll, attorneys for respondent (Paul L. Kleinbaum, on the brief).
The opinion of the court was delivered by FURMAN, P.J.A.D.
At issue on this appeal is whether agricultural workers in private employment are entitled to organize and bargain collectively under N.J. Const. (1947), Art. I, par. 19. We hold that they have that right and affirm.
The judgment below designated plaintiff union as the exclusive bargaining representative of defendant's employees pursuant to a 25 to 13 affirmative vote in a consent election conducted by the State Board of Mediation.
As recognized in Johnson v. Christ Hospital, 84 N.J. Super. 541, 546 (Ch. Div. 1964), aff'd o.b. 45 N.J. 108 (1965), the State Constitution establishes two classes of employees only: persons in private employment and persons in public employment, that is, governmental employment, I Proceedings of the N.J. Constitutional Convention of 1947, pp. 328, 655. Private employees are vested with the right to organize and bargain collectively. Public employees are limited to the right to organize and present grievances and proposals through representatives of their choosing.
In Johnson, Judge Matthews in a comprehensive opinion struck down the hospital's argument that its employees should be classified as quasi-public employees and, as such, held not to be guaranteed the right of private employees to bargain collectively. According to the opinion, the minutes of the Constitutional *428 Convention failed to disclose any separate consideration or reference to hospital or health service employees as a category. We similarly find upon review of the minutes of the Constitutional Convention no discussion of agricultural employees as a category and no evidence whatsoever that any person in private employment should be treated differently from any other person in private employment.
A primary distinction between the constitutional rights of private and public employees in this State is that the former have the right to strike, encompassed within their right to bargain collectively; the latter, without the right to bargain collectively, do not, Board of Ed., Borough of Union Beach v. N.J.E.A., 53 N.J. 29, 36-37 (1968).
Defendant on this appeal urges that the constitutional framers cannot have intended agricultural workers to have the right to strike because, if they had that right and exercised it, chickens, other farm animals and livestock might die through neglect; eggs and other perishable food products might spoil. In Johnson, concern that a strike by hospital employees might endanger health or even lives of hospital patients did not warrant a judicial interpretation reading an exception for hospital employees into the words "persons in private employment" in Art. I, par. 19. Defendant's argument is in derogation of the clear constitutional guarantee to agricultural workers of the right to bargain collectively as persons in private employment and is, in our view, untenable.
Defendant does not raise a Federal preemption argument as such, in view of the exclusion of agricultural laborers from the National Labor Relations Act (NLRA), 29 U.S.C.A. § 151 et seq. Rather, defendant urges that we should adopt what it asserts to be the rationale behind that exclusion: the potential for disaster if the strike weapon is in the hands of agricultural laborers. Defendant's rationale is speculative, without authoritative *429 support in legislative history or otherwise. As stated in Willmar Poultry Co., Inc. v. Jones, 430 F. Supp. 573, 578 (D.Minn. 1977):
The legislative history surrounding the exclusion of agricultural laborers from the NLRA's coverage is remarkable only because of its paucity. In fact, the legislative history of the NLRA seems to demonstrate that neither Congress nor virtually anyone else was much concerned with the problems of agricultural labor. Morris, Agricultural Labor and National Labor Legislation, 54 Calif.L.Rev. 1939, 1951 (1966).
Willmar Poultry rejected a turkey hatchery's argument of NLRA preemption barring State regulation of the labor rights of its workers. The Federal District Court concluded that nothing in the NLRA or its history indicated a national labor policy that agricultural employment relations should be wholly unregulated and left to "the unrestrained interplay of economic forces in the market place." Id. at 577.
As an alternative argument, defendant urges a reversal on the ground that it was entitled to a plenary hearing prior to the trial court's determination of the composition of the bargaining unit and the cut-off date for voter eligibility for the representation election. No request for a plenary hearing was brought below. The trial court adopted with slight modifications the recommendations for the conduct of the election by the State Board of Mediation. The inclusion of part-time and clean-up employees in the bargaining unit was in accordance with defendant's position in a written memorandum to the State Board of Mediation. The cut-off date for voter eligibility was set at approximately one month preceding the election. Any disputes between the parties about the cut-off date were not factual. Under the circumstances, we cannot conclude that defendant was deprived of a due process of law right to a plenary hearing prior to entry of the order setting the terms of the representation election.
We affirm.